IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) COMPLAINT ) ) CIVIL ACTION NO. 08-677- WDS |
| v. | ) ) |
| TONY'S LOUNGE, INC., | ) JURY TRIAL REQUESTED ) |
| and | ) ) |
| ITALIA BAKEHOUSE AND BISTRO, LLC, | ) ) |
| Defendants. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a class of female employees, including but not limited to Kristie Comer and Katie Hofgren, who were adversely affected by such practices.

The Complaint alleges that while employed by Defendants, Tony's Lounge, Inc., ("hereinafter "Tony's Lounge") and Italia Bakehouse and Bistro, LLC, (hereinafter "Italia Bakehouse"), Comer, Hofgren, and other female employees were subjected to egregious sexual harassment on account of their sex by Michael Ventimiglia and other male employees. Defendants Tony's Lounge and Italia Bakehouse were fully aware of the sexual harassment. The sexual harassment altered the terms and conditions of Comer's, Hofgren's, and other female employees' employment. Despite Comer's complaints, Defendants failed to take appropriate

corrective action following the sexual harassment and otherwise condoned the sexual harassment at its facility.

The Complaint further alleges that the sexual comments and touchings by Michael Ventimiglia created a sexually hostile environment that was so intolerable that Comer was forced to resign her employment and that Defendants unreasonably failed to take prompt and effective action to end the sexual harassment. The Complaint also alleges that the Defendants told Comer that there was nothing that could be done and knew that their inaction would force Comer to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Tony's Lounge has continuously been an Illinois corporation doing business in the State of Illinois and the City of Alton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Italia Bakehouse has continuously been an Illinois corporation doing business in the State of Illinois and the City of Alton, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Tony's Lounge has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

7. At all relevant times, Defendant Italia Bakehouse has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Comer filed a charge with the Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least January 1, 2005, Defendants Tony's Lounge and Italia Bakehouse have engaged in unlawful employment practices at their facility located at 312 Piasa, Alton, Illinois, 62002, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), as follows:

(a) Defendants subjected Comer, a hostess, to unlawful sexual harassment during her employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

Verbal sexually offensive comments were directed toward Comer by Michael Ventimiglia on a frequent basis beginning shortly after her employment by Defendants. In the autumn of 2005, Michael Ventimiglia touched Comer in a offensive sexual manner on numerous occasions while she was working for Defendants. Such physical sexual touching continued until December 18, 2005, when Michael Ventimiglia's conduct became worse. As a result of Michael Ventimiglia's conduct on December 18, 2005, Comer was extremely fearful to be in his presence. On December 19, 2005, Comer complained about Michael Ventimiglia's conduct to Paul Ventimiglia, the general manager of Defendants Tony's Lounge and Italia Bakehouse. Later that day, Paul Ventimiglia told Comer that there was nothing that could be done. Accordingly, Comer was forced to quit her employment and was, accordingly, constructively discharged by Defendants Tony's Lounge and Italia Bakehouse.

Michael Ventimiglia's conduct on December 18, 2005, included coming behind Comer while she stood at Defendants' hostess stand, placing his hands on each side of Comer between her armpits and breasts and thrusting the front of his body against the back of Comer's body while he pulled Comer to him, thereby causing intimate contact between his groin area and Comer's buttocks. The unlawful conduct was unwelcome, sexual in nature, and directed at Comer because of her sex. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Comer which altered the terms and conditions of her employment.

(b)   As a result of Michael Ventimiglia's sexually harassing conduct and Defendants' failure to take prompt and effective measures to end such conduct, the working conditions for Comer became so hostile and intolerable that she was compelled to end her

4

employment with Defendants. Defendants had knowledge that the sexual harassment of Comer by Michael Ventimiglia caused her working conditions to be so intolerable that she would be forced to resign. Nevertheless, Defendants deliberately and unreasonably failed to take prompt and effective actions to end the harassment and knew that their inaction would result in the resignation of Comer.

    (c)  Defendants also subjected other female employees, including Katie Hofgren to unlawful sexual harassment during their employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). Verbal sexually offensive comments were directed toward female employees by Michael Ventimiglia and by other male employees on a frequent basis throughout their employment by Defendants. In addition, Michael Ventimiglia touched Hofgren, and other female employees in a offensive sexual manner on numerous occasions while they were working for Defendants.

    The unlawful conduct was unwelcome, sexual in nature, and directed at female employees because of their sex. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for female employees which altered the terms and conditions of her employment.

    Defendants had knowledge of and condoned the sexual harassment of Comer, Hofgren, and other female employees, but failed to take prompt and effective remedial action to end the harassment.

    10.  The effect of the practice(s) complained of in paragraphs 9(a), (b), and (c) above has been to deprive Comer, Hofgren, and other female employees of equal

employment opportunities and otherwise adversely affect their status as employees because of their sex.

   11. The unlawful employment practices complained of in paragraphs 9(a), (b), and (c) above were intentional.

   12. The unlawful employment practices complained of in paragraphs 9(a), (b), and (c) above were done with malice or with reckless indifference to the federally protected rights of Comer, Hofgren, and other female employees.

PRAYER FOR RELIEF

   Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, intimidation, unlawful constructive discharge, and any other employment practice which discriminates on the basis of sex.

   B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

   C. Order Defendants to make whole Comer, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Comer.

   D. Order Defendants to make whole Comer, Hofgren, and other female employees by providing compensation for past and future pecuniary losses resulting from the

unlawful employment practices described in paragraphs 9(a), (b), and (c) above, in amounts to be determined at trial.

   E. Order Defendants to make whole Comer, Hofgren, and other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9(a), (b), and (c), including emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, loss of reputation, and humiliation, in amounts to be determined at trial.

   F. Order Defendants to pay punitive damages for its malicious and reckless conduct described in paragraphs 9(a), (b) and (c) above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

   The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            RONALD S. COOPER
            General Counsel

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

/s/ Barbara A. Seely
BARBARA A. SEELY, No. 10607
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, No. 10549
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
314-539-7949
Facsimile: 314-539-7895