IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>and<br><br>KRISTIE COMER,<br><br>    Intervenor,<br><br>v.<br><br>TONY'S LOUNGE, INC.<br>and<br>ITALIA BAKEHOUSE AND BISTRO LLC,<br><br>    Defendants. | Case No. 3:08-cv-677 WDS-DGW |

## ORDER

This matter is before the Court on the Intervenor's Motion for Sanctions (Doc. 29) filed on July 1, 2009. For the following reasons, the Court **GRANTS in part** the Intervenor's Motion for Sanctions (Doc 29).

## DISCUSSION

At issue in the case at bar is a subpoena served by Defendants to J.C. Penney and John Pannullo. Defendants acknowledge that "It is clear that the manner of service of the subpoena in question was deficient under Fed. R. Civ. P. 45(b)(1), as no notice of the subpoena was issued prior to service." (Doc. 31).

Rule 45(b)(1), which governs service of subpoenas, specifically provides that "[p]rior notice

of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Courts have held that this rule requires notice to all parties before service of the subpoena. *Schweizer v.. Mulvehill*, 94 F.Supp.2d 376, 411-12 (S.D.N.Y.2000) ("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date."). *But see Seewald v. IIS Intelligent Info Sys., Ltd.*, No. 93CV5252, 1996 U.S. Dist. LEXIS 22497, *12-15 (E.D.N.Y. Oct. 16, 1996) (where opposing party learned of subpoena prior to the production of any documents, it was not prejudiced by violation of notice requirement). "The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." *Schweizer,* 94 F.Supp.2d at 411. *See also Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01Civ.0877, 2002 U.S. Dist. LEXIS 4529, *3-7 (S.D.N.Y. Mar. 19, 2002) (entering sanctions for defendant's admitted violation of notice requirement of Rule 45(b)(1)).

This Court must then determine whether sanctions are appropriate for the failure to follow the rule and if so, what sanctions. The Intervenor argues that she has been prejudiced by the failure of notification. She states that four hours after she found out about the Defendants subpoena she notified them of her intent to move to quash the subpoena. She further argues that before she could get the matter before the court the third party to whom the subpoena had been issued produced the requested documents. Defendants respond that this was a "technical" violation that did not prejudice the Intervenor because she was put on notice of the issues in questions at her deposition. The Court is not persuaded by Defendants' arguments. Rule 45(b)(1) is clear; prior notice is required. The Advisory Committee Notes on the 1991 amendment to Rule 45 specifically states that "the purpose

of the notice is to provide other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." That did not happen in this case. The Intervenor had no opportunity to object prior to the production of documents by J.C. Penney. The Court does not believe the rule was instituted as a technicality. The rule has a valid purpose and in this case the purpose was contravened.

For those reasons, the Court **GRANTS in part** Intervenor's Motion for Sanctions (Doc. 29). Defendants are **ORDERED** not to use any information received through the aforementioned subpoena. The Court declines, however, to bar Defendants from using any information previously obtained directly from Intervenor at her deposition.

**DATED: August 13, 2009**

                                                   *s/ Donald G. Wilkerson*
                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**