IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

KRISTIE COMER,

Plaintiff-Intervenor

v.

TONY'S LOUNGE, INC. and ITALIA BAKEHOUSE AND BISTRO, LLC.,

Defendants.

Case No. 3:08-cv-677-WDS

**ORDER**

Currently pending before the Court is a Motion for Sanctions filed by Defendants Tony's Lounge, Inc. and Italia Bakehouse and Bistro, LLC (Doc. 40). For the reasons set forth below, this motion is **DENIED**.

**BACKGROUND**

The Equal Employment Opportunity Commission ("EEOC") filed the complaint in this action on September 26, 2008, under Title VII of the Civil Rights Act against Defendants Tony's Lounge, Inc. and Italia Bakehouse and Bistro, LLC ("Defendants"), alleging unlawful employment practices on the basis of sex. The complaint seeks "appropriate relief to a class of female employees, including but not limited to Kristie Comer and Katie Hofgren, who were adversely affected by such practices." On January 13, 2009, the Court granted Kristie Comer's Motion to Intervene in the action (Doc. 12). During the course of discovery, Plaintiff EEOC asserted attorney-client privilege regarding, *inter alia*, notes from an interview with Laura Ford, a former employee

of Defendants (Doc. 42-4, p. 2). The attorney for Plaintiff EEOC also advised Ms. Ford not to answer certain questions at her deposition regarding communications between her and the EEOC (Doc. 42-5, p. 18). The parties brought the issue of attorney-client privilege to the Court's attention in a telephonic discovery dispute conference held October 29, 2009 (Doc. 34). The Court directed Defendants to file the instant motion.

Defendants now ask the Court to make a finding that no attorney-client privilege exists between Laura Ford and counsel for the EEOC, and that communications between Laura Ford and counsel for EEOC are not privileged. Defendants also ask the Court to impose sanctions against EEOC for making improper assertions of privilege and improperly advising Laura Ford not to answer questions during her deposition (Doc. 40). Defendants argue that Laura Ford does not wish to be represented by the EEOC, nor, based upon her deposition testimony that she is acting as a witness in the case, does she believe she is represented by the EEOC. Furthermore, her contacts with the EEOC have been minimal. Thus, Defendants argue, there is no attorney-client relationship between the EEOC and Laura Ford, and communications between her and the EEOC are not subject to the attorney-client privilege. The assertions of privilege, Defendants contend, were made to impede discovery.

In response, the EEOC argues that the complaint was filed on behalf of Kristie Comer, Katie Hofgren, and "other female employees" who were subject to sexual harassment. EEOC contends that in its initial disclosures, served in February 2009, it identified Laura Ford as an individual for whom it was seeking relief. EEOC responded to Defendants' interrogatories with the assertion of attorney-client privilege. Thus, the Defendants were aware of the EEOC's representation of Laura Ford and the EEOC's intention to contend that communications between Laura Ford and the EEOC

were privileged.  Attorney for the EEOC, Felix Miller, also avers in an affidavit that he met with Laura Ford on May 22, 2008, before the EEOC filed this lawsuit.  At that time, Ms. Ford agreed to have the EEOC seek relief for her if, after investigation, the EEOC decided to bring suit against Defendants (Doc. 42-6, ¶ 3).

## ANALYSIS

The Seventh Circuit has not addressed the question whether EEOC communications with the parties for whom the EEOC seeks relief are protected by attorney-client privilege.  A district court in the circuit, however, has held that communications between the EEOC and individuals for whom the EEOC seeks relief are privileged by a *de facto* attorney-client privilege.  Courts have recognized that when the EEOC brings suit "there does not appear to be any formal attorney-client relationship," but the EEOC's attorneys are "acting as *de facto* counsel for the employees." *Bauman v. Jacobs Suchard, Inc*. 136 F.R.D. 460, 461 (N.D. Ill 1990).   One court has held that communications between *prospective* class members and attorneys for the EEOC are also protected by attorney-client privilege. *EEOC v. International Profit Associates, Inc.*, 206 F.R.D. 215, 219 (N.D. Ill. 2002).

This Court finds that the communications between the EEOC and Laura Ford are protected by attorney-client privilege.  Although she is not identified by name in the complaint, Laura Ford, as a former employee who testified she was sexually harassed, falls into the class of female employees on whose behalf the EEOC seeks relief.  Although Ms. Ford exhibited some confusion as to her role in the case at her deposition, there is no indication in the evidence before the Court that Ms. Ford has affirmatively represented that she does not wish to be represented by the EEOC.  On the contrary, Felix Miller, attorney for the EEOC, averred that Ms. Ford indicated in May 2008 that

she "was willing" for the EEOC to seek relief on her behalf. Moreover, even if Ms. Ford opted out of the EEOC's representation, her previous communications with the EEOC would still be protected by attorney-client privilege based upon her status as a prospective class member.

Based on all the foregoing, Defendants' Motion for Sanctions (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**