IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| KRISTIE COMER, | )<br>) |
| Plaintiff-Intervenor, | )<br>) |
| vs. | )   Case No. 3: 08-CV-677-WDS-DGW<br>) |
| TONY'S LOUNGE, INC. | )<br>) |
| and | )<br>) |
| ITALIA BAKEHOUSE AND BISTRO, LLC, | )<br>) |
| Defendants. | )<br>) |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Tony's Lounge, Inc., and Italia Bakehouse and Bistro, LLC, ("Defendants") subjected Kristie Comer, Katie Hofgren, Laura Ford, and other female employees to sexual harassment by Michael Ventimiglia, Vice President of Defendant Tony's Lounge, while they were employed by defendants, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII").  Comer has intervened in the lawsuit alleging

Tony's and Italia Bakehouse violated Title VII by the sexual harassment of Comer by Michael Ventimiglia.

For purposes of settlement and compromise only, and with no admission of liability by Defendants, the EEOC, Comer, and Defendants have advised the Court they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

**THEREFORE**, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit or directly related to this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:**

### I.  General Provisions

1. Defendants shall not discriminate against any employee by subjecting such employee to sex discrimination or retaliation at any site of business owned and/or operated by Defendant Tony's and/or Defendant Italia Bakehouse.

2. Defendants shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

### II. Relief for Charging Party

3.      By November 15, 2010, Defendants shall place in the U.S. Mail for delivery by certified mail to Sowers and Wolf, 530 Maryville Centre Drive, Suite 460, St. Louis, Missouri 63141, a check in the amount of Seventy Thousand Dollars ($70,000.00) made payable to "Kristie Comer and Sowers & Wolf, LLC."  Defendants shall include with this amount a completed 1099 for compensatory damages, reflecting in box 3, "other income," that payment is for compensatory damages.

### III. Relief for Other Female Employees

4.      By November 15, 2010, Defendants shall place in the U.S. Mail for deliver by certified mail to Katie Hofgren at her home address a check made payable to her in the amount of $2,500, as and for compensatory damages.  Defendants shall include with the delivery of this check a completed 1099 for the compensatory damages amount.

5.      By November 15, 2010, Defendants shall place in the U.S. Mail for delivery by certified mail to Laura Ford at her home address a check made payable to her in the amount of $2,500, as and for compensatory damages.  Defendants shall include with the delivery of this check a completed 1099 for the compensatory damages amount.

6.      By November 15, 2010, Defendants shall place in the U.S. Mail for delivery, copies of the checks, and 1099 forms referenced in Paragraphs 4 and 5, above, to C. Felix Miller, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103.

### IV. Policies, Training and Reporting

7.      Defendants shall not re-hire Michael Ventimiglia.

8.      Within thirty days of the Court's entry of the Consent Decree, Defendants shall adopt a sexual harassment policy which shall:

      a.    Clearly describe the proper procedure to file an internal sexual harassment complaint with Defendants.

      b.    A copy of this policy shall be provided within thirty (30) days of the Court's entry of the Consent Decree to C. Felix Miller, Supervisory Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, Missouri 63103, for review and approval by the EEOC.

9.    Within sixty (60) days of the Court's entry of the Consent Decree, Defendants shall cause all of its managers to attend four (4) hours of employment discrimination training. As part of such training, each manager shall be instructed that he or she must fully comply with Defendants' employment discrimination policy and must promptly report to its chief executive officer any and all conduct that may constitute employment discrimination and all complaints alleging employment discrimination, and that failure to do so will result in discipline up to and including termination.

10.    Within sixty (60) days of the Court's entry of the Consent Decree, an outline and description of the training and the training materials shall be provided to C. Felix Miller, Supervisory Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103.

11.    Within sixty (60) days of the date of hire or promotion, Defendants shall cause each newly hired or newly promoted manager, to view a videotape of the four (4) hours of employment discrimination training referenced in paragraph 8. Such training shall emphasize that any and all conduct that may constitute employment discrimination or retaliation shall be grounds for immediate discipline, including demotion and termination, and that each manager's

performance and future salary increases and bonuses will be based in part on effectively implementing Defendants' policy on employment discrimination.

12.     Within sixty (60) days of the Court's entry of the Consent Decree, Defendants Tony's and Italia Bakehouse will mail a letter to all employees on Tony's and Italia Bakehouse letterhead signed by their Chief Executive Officers describing their polices and procedures concerning sexual harassment.  The letter will explain that each employee has the right to complain about sexual harassment, whether directed against him or her or to another employee, that the complaints can be made to any management employee, and that Tony's and Italia Bakehouse will not retaliate against any employee who makes complaints of sexual harassment.

13.     Within thirty (30) days of the Court's entry of the Consent Decree, Defendants Tony's and Italia Bakehouse will mail a copy of the letter to C. Felix Miller, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103 to review.

14.     For the duration of the Consent Decree, Defendants shall maintain records of any and all complaints made by Tony's and/or Italia Bakehouse's employees, including all information provided by the employee regarding his/her complaint, all documents showing Tony's and Italia Bakehouse's investigation of the complaint, a conclusion as to whether or not discrimination and/or harassment occurred, and if the employee is no longer employed by Tony's and/or Italia Bakehouse, the date and reason for the end of the employee's employment. Defendants shall produce reports including this information quarterly to the EEOC for the duration of this Consent Decree.  These reports will be sent to C. Felix Miller, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103.

15. Defendant Italia Bakehouse and Bistro, L.L.C., neither operates any business nor employs any employees, however, should Defendant Italia Bakehouse and Bistro begin operations and/or employ employees, it must then comply with all requirements of this section.

## V. Reporting and Monitoring

16. Within six (6) months of the entry of the Consent Decree, Defendants shall provide written notice to the EEOC of compliance with the requirements set forth in Sections II, III and IV of the Consent Decree to C. Felix Miller, Senior Trial Attorney, Equal Employment Opportunity Commission, St. Louis District Office, Room 8.100, 1222 Spruce St., St. Louis, MO 63103.  Such notice shall include copies of any and all documents referenced or described in Sections II, III, and IV not already provided to the EEOC.

17. For the duration of the Consent Decree, Defendants shall allow representatives of the Equal Employment Opportunity Commission to inspect the premises of Defendants' facilities to assure compliance with the Consent Decree.  Such review of compliance shall be initiated by written notice to the attorney of record for Defendants at least five (5) business days in advance of any such inspection.  Defendants have the right to have its attorney of record present during any such inspection.

## VI. Term and Effect of Decree

18. By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by Kristie Comer that created the jurisdictional foundation for the Complaint filed in this case.

19. This Consent Decree shall be binding upon the parties hereto, their successors, and assigns.

20. This Consent Decree shall be in force for a period of four (4) years.

21. During the Consent Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcement of the Consent Decree. The term of the Consent Decree can be extended only upon a showing that Defendants have substantially failed to comply with a material term of the Consent Decree after having been given notice of any such failure to comply and a reasonable opportunity to correct any such noncompliance.

22. Each party shall bear its own costs, except Defendants shall pay to the EEOC $330 to reimburse its expenses for service of summons on Defendants.

DATE:   November 17, 2010                         s// MICHAEL J. REAGAN
                                                  UNITED STATES DISTRICT JUDGE

BY CONSENT:


  /s/ C. Felix Miller                              /s/ Amy M. Meyer
C. FELIX MILLER, No. 10549                        MEYER LAW OFFICES, P.C.
Supervisory Trial Attorney                        S. RUSSELL MEYER, 01898566
                                                  AMY M. MEYER, 6290219

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                        2010 State Street
St. Louis District Office                         Alton, Illinois 62002-3371
Robert A. Young Federal Bldg.                     618-463-1004
1222 Spruce, Room 8.100                           facsimile 618-463-0989
St. Louis, MO 63103
314-539-7914                                      ATTORNEYS FOR DEFENDANTS
facsimile: 314-539-7895


  /s/ D. Eric Sowers
D. ERIC SOWERS
Sowers & Wolf, LLC
Ferne P. Wolf
fw@sowerswolf.com
D. Eric Sowers
M. Beth Fetterman

530 Maryville Centre Dr., Suite 460
St. Louis, Missouri 63141
314-744-4010
facsimile 314-744-4026

Edward Unsell
69 S. 9th Street
Alton, Illinois 62024
618-259-3728

ATTORNEYS FOR PLAINTIFF-INTERVENOR